IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SCOTT HUTCHISON ENTERPRISES, INC.,

        Plaintiff,

v.                                                          CIVIL ACTION NO. 3:15-13415

CRANBERRY PIPELINE CORPORATION and
CABOT OIL & GAS CORPORATION,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants' Motion to Dismiss Complaint (ECF No. 6), Defendants' Motion to Strike Memorandum of Law in Reply to Response (ECF No. 13), and Plaintiff's Motion to File a Surreply (ECF No. 14). For the reasons set forth below, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED in part with respect to Count Three and DENIED in part with respect to Counts One, Two, and Four; Defendants' Motion to Strike Memorandum of Law in Reply to Response (ECF No. 13) is DENIED[1]; and Plaintiff's Motion to File a Surreply (ECF No. 14) is GRANTED.

        **I.**        **Background**

As alleged in Plaintiff's Complaint, this case involves a gas pipeline, known as the C-1004 pipeline, which is owned and operated by the Defendants. A portion of the C-1004 pipeline transverses property owned by the Plaintiff, known as the Ridgewood Subdivision. Plaintiff

---

[1] Although, as Defendants point out in their Motion to strike, Plaintiff initially filed a surreply without seeking leave of the Court pursuant to L. R. Civ. P. 7.1(a)(7), Plaintiff later filed a motion requesting leave of the Court. Therefore, for reasons appearing to the Court, the Court GRANTS Plaintiff's Motion for leave to file its surreply (ECF No. 14) and DENIES Defendants' Motion to strike Plaintiff's "Surreply" (ECF No. 13).

acquired the Ridgewood Subdivision from Miracle Investments LLC., on or about April 1, 2013. *Compl.*, at ¶ 5. Richard G. Dehart, the owner and organizer of Miracle Investments LLC., the predecessor in interest to the property known as the Ridgewood Subdivision, informed Scott Hutchison, the Vice President of the Plaintiff, that the C-1004 pipeline existed within the Ridgewood Subdivision by virtue of permission from Miracle Investments LLC., and its predecessors in title to the property. *Id.* at ¶ 6. He also informed Plaintiff that the gas company had no legal easement or right for the gas line to cross the property. *Id.* Plaintiff claims that prior to Plaintiff's purchase of the Ridgewood Subdivision, Defendants represented to Scott Hutchison that the pipeline would not affect Plaintiff's development of the property. *Id.* at ¶ 7.

After purchasing the property, Plaintiff began improving an existing roadway. Defendants directed that Plaintiff cease construction of the roadway, representing to Plaintiff that construction was a threat of serious injury or death due to the location of the C-1004 Pipeline on the property in relation to the construction. *Id.* at ¶ 8. Based on the actions of Defendants, in directing Plaintiff to stop construction prematurely, Plaintiff alleges that slips developed on the property. *Id.* As a result of the pipeline interfering with Plaintiff's development of the property, on or about May 15, 2015, Plaintiff revoked Defendants' permission to have the pipeline across the property and requested the pipeline's immediate removal. *Id.* at ¶ 9. Since Plaintiff revoked Defendants' permission to continue to utilize the C-1004 pipeline within the Ridgewood Subdivision, Defendants have not removed the pipeline. *Id.* at ¶ 10.

## II.     Standard of Review

A. <u>12(b)(6) Motion to Dismiss</u>

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the

"grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted). Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

B. <u>Statute of Limitations Defense</u>

The Supreme Court of Appeals of West Virginia has established a five-step analysis to determine whether a cause of action has been time-barred:

> First, the court should identify, the applicable statute of limitation of each cause of action. Second, the court (or, if material questions of fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action . . . . Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the

>plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine.

*Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009). "Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact." *Id.*

Additionally, the "discovery rule" tolls the running of a statute of limitation until a plaintiff knew or should have known of a claim:

>[U]nder the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

*Gaither v. City Hosp., Inc.*, 487 S.E.2d 901, Syl. 4 (W. Va. 1997).

### III.     Analysis

The Court finds that Plaintiff's Complaint sufficiently states plausible claims for trespass, negligence, and unjust enrichment.[2] As this stage of litigation, Defendants' statute of limitation defenses and arguments on the viability of Plaintiff's unjust enrichment claim are premature. As such, Plaintiff's claim for trespass, negligence, and unjust enrichment survive Defendants' Motion to Dismiss.

First, Defendants argue that Plaintiff's trespass and negligence claims are time-barred. The parties agree that an action for trespass and negligence in West Virginia must be brought within the applicable two year statute of limitation period as provided in W. Va. Code § 55-2-12. Accepting Plaintiff's allegations as true for purposes of Defendants' Motion to Dismiss, Plaintiff

---

[2] Plaintiff "concedes that, as a corporate entity, it cannot sustain the type of harm to support its tort of outrage claim as set forth in Count Three of Plaintiff's Complaint." ECF No. 8, at 2. Therefore, Defendants' Motion to Dismiss with respect to Count Three is GRANTED.

alleges that Plaintiff's revocation of permission for Defendants' continued use of Plaintiff's land on May 15, 2015 triggered its trespass claim. ECF No. 8, at 11. As such, because Plaintiff's Complaint was filed later in 2015, Plaintiff has presented allegations upon which a reasonable inference can be drawn that its trespass claim is not time-barred by the applicable two year statute of limitations. Next, Plaintiff's negligence claim asserts that Defendants' wrongful conduct in instructing Plaintiff to cease excavation work, effectively caused slips which damaged Plaintiff's property. ECF No. 8, at 13. Plaintiff alleges that these slips were not discovered on the property until spring of 2014. *Id.* Plaintiff filed its Complaint within two years of the alleged development of the slips (as Plaintiff's Complaint was filed in 2015). Therefore, again, Plaintiff has presented facts, at this stage of litigation, sufficient to establish that its negligence claim is not time barred by the applicable two year statute of limitations.

Finally, Plaintiff's unjust enrichment claim is also sufficiently pled to proceed. The elements of unjust enrichment are: "(1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Veolia Es Special Servs., Inc. v. Techsol Chem. Co.*, No. 3:07-cv-0153, 2007 WL 4255280, at *9 (S.D. W. Va. Nov. 30, 2007). Here, Plaintiff alleges that Defendants have continued to use the C-1004 pipeline, a portion of which is located on Plaintiff's property, even after Plaintiff claims that Defendants' permission was expressly revoked. ECF No. 8, at 8. Additionally, Plaintiff claims that "Defendants continue to be conferred a benefit from the profit derived from the gas being pumped through the pipeline, at the expense of the Plaintiff's use of the property, as well as the land damage caused as a result of the negligent acts of the Defendants." *Id.* As discussed supra, to survive a motion to dismiss, a complaint must

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Here, Plaintiff sufficiently pleads all elements of an unjust enrichment claim, and therefore states a claim to relief that is plausible on its face.

## I.	Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED in part** with respect to Count Three and **DENIED in part** with respect to Counts One, Two, and Four; Defendants' Motion to Strike Memorandum of Law in Reply to Response (ECF No. 13) is **DENIED**; and Plaintiff's Motion to File a Surreply (ECF No. 14) is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:	March 11, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE