**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

SCOTT HUTCHISON ENTERPRISES, INC.,

                    Plaintiff,

v.                                                    CIVIL ACTION NO. 3:15-13415

CRANBERRY PIPELINE CORPORATION and
CABOT OIL & GAS CORPORATION,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 21. The

Court conducted a hearing regarding this issue on March 15, 2016, and orally GRANTED in part

and DENIED in part Plaintiff's request for injunctive relief. This Memorandum Opinion and Order

sets forth the findings of the Court in GRANTING in part and DENYING in part Plaintiff's Motion

for Preliminary Injunction. ECF No. 21.

**I.        Background**

As alleged in Plaintiff's Complaint, this case involves a gas pipeline, known as the C-1004

pipeline, which is owned and operated by the Defendants. A portion of the C-1004 pipeline

transverses property owned by the Plaintiff, known as the Ridgewood Subdivision. Plaintiff

acquired the Ridgewood Subdivision from Miracle Investments LLC., on or about April 1, 2013.

*Compl.*, at ¶ 5. Richard G. Dehart, the owner and organizer of Miracle Investments LLC., the

predecessor in interest to the property known as the Ridgewood Subdivision, informed Scott

Hutchison, the Vice President of the Plaintiff, that the C-1004 pipeline existed within the

Ridgewood Subdivision by virtue of permission from Miracle Investments LLC., and its

predecessors in title to the property. *Id.* at ¶ 6. He also informed Plaintiff that the gas company had no legal easement or right for the gas line to cross the property. *Id.* Plaintiff claims that prior to Plaintiff's purchase of the Ridgewood Subdivision, Defendants represented to Scott Hutchison that the pipeline would not affect Plaintiff's development of the property. *Id.* at ¶ 7.

After purchasing the property, Plaintiff began improving an existing roadway. Defendants directed that Plaintiff cease construction of the roadway, representing to Plaintiff that construction was a threat of serious injury or death due to the location of the C-1004 Pipeline on the property in relation to the construction. *Id.* at ¶ 8. Based on the actions of Defendants, in directing Plaintiff to stop construction prematurely, Plaintiff alleges that slips developed on the property. *Id.* As a result of the pipeline interfering with Plaintiff's development of the property, on or about May 15, 2015, Plaintiff revoked Defendants' permission to have the pipeline across the property and requested the pipeline's immediate removal. *Id.* at ¶ 9. Since Plaintiff revoked Defendants' permission to continue to utilize the C-1004 pipeline within the Ridgewood Subdivision, Defendants have not removed the pipeline. *Id.* at ¶ 10.

At this juncture, Plaintiff requests the Court to grant a preliminary injunction in favor of the Plaintiff, requiring Defendants to "(1) immediately remove the C-1004 pipeline from the Plaintiff's property which it is currently trespassing on; or (2) to compel the Defendants to stop pumping gas through the C-1004 Pipeline until this litigation is complete." ECF No. 22, at 1. However, during the hearing before the Court on this matter on March 15, 2016, Plaintiff articulated that, as a third alternative, it was requesting some statement or action from the Defendants indicating that Defendants would be responsible for the safety and maintenance of the pipeline throughout the pendency of this litigation, so that liability for the pipeline's condition would not fall on Plaintiff.

## II.      Standard for Injunctive Relief

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendent lite* of the type available after the trial." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated*, 130 S. Ct. 2371 (2010), *reinstated in part*, 607 F.3d 355 (4th Cir. 2010). "Granting the ultimate relief requested, even temporarily, at an early point in the case, often prior to the issues even being joined in the pleadings, seems rightly reserved for only the most compelling of cases." *Dewhurst v. Century Aluminum Co.*, 731 F. Supp. 2d 506, 514 (S.D. W. Va. 2010). In order to obtain a preliminary injunction, a party must establish four elements: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As such, the party seeking to obtain a preliminary injunction "must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." *Dewhurst*, 731 F. Supp. 2d at 515 (internal citations omitted).

## III.      Discussion

The Court grants in part preliminary injunctive relief on behalf of Plaintiff. Specifically, based on representations made by Plaintiff during the March 15, 2016 hearing, the Court finds that the scope of the preliminary injunction is much narrower than that which was originally sought. Plaintiff is concerned about potential liability if the C-1004 pipeline ruptures or is further damaged, and therefore requests that Defendants be responsible for the maintenance and safety of the pipeline during the pendency of this litigation. Based upon the representations made by Defendants during oral arguments, the pipeline is currently in safe operating condition [1] Additionally,

---

[1] During oral argument, Defendants represented that their expert, a civil engineer, would testify that he does not believe the pipeline is in any danger. The Court accepted this representation and made it part of

Defendants agreed to undertake the responsibility of maintaining the pipeline and performing necessary inspections as this case proceeds to ensure its safety.

As to this limited issuance of injunctive relief, the Court finds that the four factors required for injunctive relief are met. First, in terms of Defendants being responsible for the maintenance and safety of the pipeline, it is likely that Plaintiff will prevail on the merits of this issue because Defendants have control over the pipeline and the particular expertise to maintain it. Second, Plaintiff is likely to suffer irreparable harm without this injunctive relief because failure of Defendants to inspect the pipeline and ensure its safety imposes a considerable burden on Plaintiff and also poses a significant risk to Plaintiff's safety.

Next, the balance of equities tips in Plaintiff's favor because ultimately Plaintiff and Defendants have the same interest in ensuring that the pipeline operates safely. Plaintiff is concerned about potential liability if the pipeline ruptures or is further damaged. It is not an unfair burden to require Defendants to maintain, repair, and ensure the safe condition of the pipeline, as that is principally what Defendants are obliged to do. Finally, it is clear from the safety issues discussed above that the public interest falls in line with the interest of the parties. There is interest in the pipeline continuing to operate but only insofar as it is safe and maintained. Because this limited relief is consistent with that, the public interest is served, as well as the interest of the parties.

In summary, based on the representations of the parties, the appropriate injunctive relief here is to maintain the status quo. The status quo, in this case, requires that the pipeline will continue to operate and that Defendants will bear the responsibility of maintenance, repair, and keeping the pipeline in a safe condition. This upkeep is not the responsibility of Plaintiff.

---

the record in lieu of have Defendants present expert testimony or reports.

As such, the Court grants Plaintiff limited injunctive relief in the form discussed infra. Plaintiff's requests for injunctive relief contained within its original Motion (ECF No. 21) are denied.[2]

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (ECF No. 21) is **GRANTED in part** and **DENIED in part.**

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.


ENTER:        March 16, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2] The ultimate issue in this case is whether the pipeline is lawfully operating on a prescriptive or other easement or whether the pipeline's location constitutes a trespass. It is that ultimate issue that has to be determined before the Court could consider injunctive relief in the form of requiring Defendants to relocate the pipeline or stop pumping gas through the pipeline.