IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SCOTT HUTCHINSON ENTERPRISES, INC.,

    **Plaintiff,**

v.        Case No.:  3:15-cv-13415

CRANBERRY PIPELINE CORPORATION
and CABOT OIL & GAS CORPORATION,

    **Defendants.**

### MEMORANDUM OPINION and ORDER
### DENYING MOTION TO COMPEL

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 57). Defendants have filed a response in opposition to the Motion, (ECF No. 70), and the time for filing a reply has expired. The issue in dispute is clear; accordingly, oral argument is unnecessary. For the reasons set forth below, Plaintiff's Motion to Compel is **DENIED**.

Plaintiff filed suit against Defendants over a gas pipeline owned by Defendants, which is located on property purchased by Plaintiff. In relevant part, Plaintiff claims that Defendants' pipeline constitutes a trespass on the property and, despite being asked to remove the pipeline, Defendants continue to trespass, enriching themselves and interfering with Plaintiff's construction and development of the property. Plaintiff contends that Defendants' actions are "willful, wanton, intentional, malicious, and so reckless as to evince a conscious disregard for the rights of Plaintiffs [sic], entitling Plaintiff to an award of Punitive Damages." (ECF No. 1-2 at 11).

In the course of discovery, Plaintiff requested that Defendants produce federal and state income tax returns with K-1 forms for the years 2012 through the present. Defendants failed to provide the requested information even after the parties met and conferred. Consequently, Plaintiff filed the instant Motion to Compel, asserting that it is entitled to the requested documents as they are relevant to its claim for punitive damages. (ECF No. 58 at 3). In response, Defendants argue that Plaintiff's motion should be denied for two reasons. First, Plaintiff has not established a *prima facie* basis for punitive damages. Accordingly, the request for financial information is premature. Second, the information sought by Plaintiff is publicly available through the SEC's "Edgar" website. Given that the information can be easily obtained through the website, Defendants should not have to collect and produce the documents.

The undersigned agrees with Defendants' first argument. This Court has previously examined the very issue raised by Plaintiff's Motion to Compel. *See Robinson v. Quicken Loans Inc.*, No. CIV.A. 3:12-0981, 2013 WL 1704839 (S.D.W. Va. Apr. 19, 2013). Noting that "[d]istrict courts within the Fourth Circuit do not agree as to what—if any—showing must be made before a plaintiff is entitled to pretrial discovery of financial statements relevant to a punitive damages claim," the Court nonetheless "agreed with those authorities requiring plaintiffs to make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records." *Id.* at *4. The Court added that "[t]o make a prima facie claim for punitive damages in order to be entitled to discovery of a defendant's financial worth, … a plaintiff must produce some factual evidence in support of [its] claim." *Id.*

Plaintiff has not made produced any factual evidence in support of its claim for punitive damages. Accordingly, its request for Defendants' financial records are

premature. Defendant shall not be compelled to produce such documentation until a *prima facie* claim has been established.

The Clerk is instructed to provide a copy of this Order to all counsel of record and any unrepresented party.

**ENTERED:** June 6, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge