IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SCOTT HUTCHISON ENTERPRISES, INC.,

        Plaintiff,

v.     CIVIL ACTION NO.   3:15-13415

CRANBERRY PIPELINE CORPORATION and
CABOT OIL & GAS CORPORATION,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two related motions by the parties. Defendants have filed a Motion in Limine to Exclude Evidence of Defendants' Revenue and Financial Information (ECF No. 205), and Plaintiff has filed a Motion to Designate Defendants' Discovery Responses as Non-Confidential (ECF No. 230). The Court ordered parties to file briefs regarding how Plaintiff's unjust enrichment claim should be tried and how appropriate damages could be determined. (ECF No. 239). Both parties submitted briefings, and the issue is now ripe for decision. For the following reasons, the Court **GRANTS** Defendants' motion and **DENIES** Plaintiff's motion.

**I.     BACKGROUND**

The Court will briefly discuss only the relevant factual background to the two pending motions as the details of the case have been explained in previous orders.[1] This case involves a property dispute over where Defendants' natural gas pipeline is placed. The pipeline traverses a section of the Ridgewood Subdivision in the City of Huntington (the City), following along the

---

[1] *See, e.g.*, *Mem. Op. & Order*, ECF No. 30; *and Mem. Op. & Order*, ECF No. 40.

undeveloped road of Woodland Drive. The Defendants' predecessors constructed the pipeline in or around 1961, and Plaintiff purchased the land in 2013. Plaintiff argues that after it revoked permission to be on the land in May of 2015, Defendants have continued to trespass by refusing to move the pipeline. Defendants claim a legal right either by the City's permission or alternatively by acquiring a prescriptive easement over the last fifty years. As Defendants' pipeline remains in operation during this dispute, Plaintiff argues that Defendant has been unjustly enriched with profits from the continued use of the pipeline.

## II. DISCUSSION

The two remaining motions before trial focus on whether an unjust enrichment claim is a proper avenue of monetary relief and how such award can be determined by a jury. Defendants answered in an interrogatory the net revenue of the pipeline from April 1, 2013 through March 31, 2016.[2] Plaintiff wishes to present this amount, along with other evidence of Defendants' finances, to the jury to determine what damage amount Plaintiff should receive for its unjust enrichment claim. In doing so, Plaintiff has neither produced an expert to explain how an almost three-year period should be broken down to adjust for only one year and a half of trespassing, nor evidence on how to calculate the percentage of profit owed to Plaintiff for the 6000-foot trespass from an over 72,000-foot pipeline.

For an unjust enrichment claim, Plaintiff needs to prove "(1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *HSBC Bank*

---

[2] The answer of referenced interrogatory is confidential information and, therefore, not disclosed here.

*USA, Nat. Ass'n v. Resh*, Civ. No. 3:12-cv-00668, 2013 WL 312871, *12 (S.D.W. Va. Jan. 25, 2013) (citation omitted). The Supreme Court of Appeals of West Virginia further held in *Realmark Developments, Inc. v. Ranson* "that a suit seeking monetary recovery under a theory of unjust enrichment is an action at law and therefore, can be tried before a jury." 588 S.E.2d 150, 153 (W. Va. 2003) ("*Realmark II*"). "The law of unjust enrichment indicates that if one person improves the land of another either through the direction of services to the land, or through the affixation of chattels to the land, that person is entitled to restitution for the improvements." *Realmark Developments, Inc. v. Ranson*, 542 S.E.2d 880, 884 (W. Va. 2000) ("*Realmark I*"). The law requires restitution when "it would be inequitable and unconscionable to permit the party receiving [the benefits] to avoid payment therefor." *Id.* at 885. The damage award "is the greater of the enhanced market value of the property or the cost of the improvements to the property." *Realmark II*, 588 S.E.2d at 155.

As this case does not involve an improved property, the main issue before the Court is how restitution is to be determined. Plaintiff asserts that any damages award should be based on the "'reasonable value' for the benefits conferred upon the Defendant's [sic] between May 15th, 2015, until the date of the trial of this action." *Pl.'s Brief in Supp. of its Unjust Enrichment Claim & Measure of Damages*, ECF No. 250, at 5. The reasonable value, to Plaintiff, is the profit gained from the continued use of the pipeline. Defendants argue that any unjust enrichment claim must be bound by "the reasonable value of obtaining a right-of-way" and cannot result in double recovery with the trespass claim. *Defs.'Mem. of Law Regarding Pl.'s Unjust Enrichment Claim*, ECF No. 251, at 11. Looking at relevant case law in this district and in other jurisdictions that grapple with similar issues, the Court agrees with Defendant that the damages award, if any, should

be limited to the rental value of the land or amount required to obtain a proper easement, not the Defendants' profits.

This district has encountered a similar issue in *Young v. Appalachian Power Co.*, Civ. No. 2:07-429, 2008 WL 4571819 (S.D.W. Va. Oct. 10, 2008). That case involved the defendant's trespass over plaintiff's land for the continued maintenance of power lines after the right-of-way agreement expired. The plaintiff sought royalties for the continued use and disgorgement damages for the continuing trespass. *Id.* at *2. Judge Copenhaver held that disgorgement, as an equitable remedy, is improper, in part, because "a lessor is entitled to the reasonable rental value of the property wrongfully withheld by a lessee." *Id.* at *8. Royalties were also not recoverable since the defendant did not extract materials or minerals from the plaintiff's property. *Id.* at *9. Although that case's claims involved disgorgement and royalties rather than a strict unjust enrichment claim, all of the claims involve an attempt to take a defendant's profits for the improper use of a plaintiff's land. Thus, the Court finds that the similarities help lend support to limiting an unjust enrichment claim to the reasonable rental value of the land.

The Court is further convinced by other holdings in different jurisdictions. In *Mullins v. Equitable Production Co.*, the plaintiff sued the defendant for trespassing on his land with an underground gas line. Civ. No. 2:03CV00001, 2003 WL 21754819 (W.D. Va. July 29, 2003). Although the plaintiff tried to assert a claim for royalties for all profits from the gas line, the court held "that any benefit to [the defendant] from the use and occupancy of [the plaintiff's] property was either the reasonable price for the right-of-way or the cost of a substitute location." *Id.* at *4. Likewise, the Tenth Circuit found in *Beck v. Northern Natural Gas Co.*, that "[t]he benefit that [the defendant] received from the landowners was the use of the [property] without payment of rent, for which the proper measure of damages was, as the district court found, fair rental value.

170 F.3d 1018, 1024 (10th Cir. 1999) (trespass and unjust enrichment claim for migration of storage gas from one subsurface formation to another).

As in those cases, the instant case does not support a damages award amounting to the profits gained by Defendants from the continued use of the natural gas pipeline. Rather, the benefits to Defendants amounted only to the use of the land for the pipeline, and that is all Plaintiff can recover. There is nothing in the evidence to show that Plaintiff conferred any other benefit to Defendants other than the use of the land, and the reasonable rental value or the reasonable cost of a right-of-way over that tract is the appropriate restitution. Thus, Plaintiff can introduce evidence to show the reasonable rental value of the land or the cost of a right-of-way for an underground natural gas pipeline, but Defendants' revenues from the pipeline will be inadmissible for irrelevancy. Plaintiff's demand to designate Defendants' discovery responses as non-confidential is hereby denied because the net revenues from the pipeline are irrelevant to the determination of appropriate restitution. Likewise, Defendants' motion to exclude all evidence of their overall finances and revenues must be granted to prevent the jury from considering profits as part of a possible damage award.

### III.     CONCLUSION

Accordingly, Plaintiff's claim for unjust enrichment will go to the jury, but the damages award, if any, must be limited to the reasonable rental value of the land. Thus, Defendants' Motion in Limine to Exclude Evidence of Defendants' Revenue and Financial Information (ECF No. 205) is **GRANTED** as the information does not go to Plaintiff's potential damages award. Plaintiff's Motion to Designate Defendants' Discovery Responses as Non-Confidential (ECF No. 230) must be **DENIED** as outside the bounds of relevant information to present to the jury regarding the reasonable rental value of the right-of-way.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 4, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE