Case 3:15-cv-13415   Document 302   Filed 12/22/16   Page 1 of 4 PageID #: 3493

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

SCOTT HUTCHISON ENTERPRISES, INC.,

        Plaintiff,

v.                                            CIVIL ACTION NO.   3:15-13415

CRANBERRY PIPELINE CORPORATION and
CABOT OIL & GAS CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Amend its Complaint to Assert the Claim and Remedy for Ejectment (ECF No. 286).  For the following reasons, the Court **DENIES** Plaintiff's motion.

To amend a pleading after the scheduling order's deadline, the party seeking amendment must satisfy Federal Rule of Civil Procedure 15(a)(2)'s standard for amending pleadings and Rule 16(b)'s good cause standard for modifying the scheduling order.  *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D.W. Va. 2003); *see also RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015); *Stanley v. Huntington Nat'l Bank*, 492 Fed. App'x 456, 461 (4th Cir. 2012); *Montgomery v. City of Anne Arundel*, 182 F. App'x 156, 162 (4th Cir. 2006).  The Court finds that although Plaintiff meets the Rule 15(a)(2) standard, the Plaintiff failed to make any good cause argument to satisfy modification of the scheduling order under Rule 16(b).

Regarding Rule 15(a)(2), "a party may amend its pleading [after the time for amendments as a matter of course] only with the opposing party's written consent or the court's leave.  The

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a court should grant leave to amend a pleading unless it would result in prejudice to the opposing party, the motion was brought in bad faith, or permitting amendment would be futile. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted). Defendants argue in their Response that an amendment to add ejectment would be futile since the relief must be determined by the judge, not a jury. *See Defs.' Resp. in Opp.*, ECF No. 293, at 3. The Court recognizes that West Virginia has historically "accorded the right to a jury trial in an action for ejectment." *Marthens v. B & O R.R. Co.*, 289 S.E.2d 706, 712 n.2 (W. Va. 1982); *see also Toppins v. Oshel*, 89 S.E.2d 359, 365 (W. Va. 1955) ("In an action of ejectment it is the province of the jury to determine the weight of all the evidence."); *Davis Colliery Co. v. Westfall*, 90 S.E. 328 (W. Va. 1916). Therefore, the Court finds that Plaintiff's amendment is not prejudicial, is not brought in bad faith, and is not futile, and, thus, Plaintiff meets the standard of 15(a)(2).

However, Plaintiff failed to assert any argument to justify a modification of the scheduling order to satisfy Rule 16(b). Once set, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings"). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Nester v. Hampton Inn Princeton*, No. 13-03336, 2013 WL 5425123, at *2 (S.D.W. Va. Sept. 26, 2013) (citations omitted); *see also Essential Hous. Mgmt., Inc. v. Walker*, 166 F.3d 332 (4th Cir.

1998) (noting 16(b) considers diligence of party seeking amendment, not lack of bad faith or prejudice to opposing party).

Defendants' Response highlights the fact that Plaintiff has not established good cause to amend its complaint, and Plaintiff never submitted an argument for good cause in its Reply.[1] *See Defs.' Resp. in Opp.*, ECF No. 293, at 2-3. Plaintiff has always maintained that injunctive relief would be appropriate, but Plaintiff never moved to add ejectment to the complaint before now. *See Pl.'s Compl.*, ECF No. 1-2, at ¶ 24 (requesting injunctive relief). The Court's Scheduling Order specified that all amended pleadings were due by December 23, 2015—almost exactly one year ago. *See Scheduling Order*, ECF No. 17. Moreover, trial is currently scheduled for February 14, 2017 and has been continued once before. Plaintiff has not submitted any assertion that they have acted diligently to amend the complaint to add ejectment. To the Court's knowledge, there has been no new evidence discovered that would cause Plaintiff only now to consider an ejectment claim at this stage in the litigation. Plaintiff mentions the Court's concern over Plaintiff's theory of damages, but that does not provide good cause for a late amendment and does not show diligence by Plaintiff. *See Pl.'s Mot. to Am.*, ECF No. 286, at 2. Therefore, the Court cannot say that Plaintiff acted with diligence in seeking the amendment, so Plaintiff fails to meet the Rule 16(b) standard.

---

[1] During this litigation, Defendants have also moved to amend their answer to assert an affirmative defense for mitigation of damages. In opposition, Plaintiff argued that Defendants did not offer "a plausible explanation sufficient to survive scrutiny under Rule 16" to justify amendment eight months after the scheduling order. *See Pl.'s Mem. in Opp. and in Resp. to Defs.' Mot. for Leave to Am. Answer*, ECF No. 151, at 7. The Court allowed Defendants to amend the answer because Defendants pointed to deposition testimony to justify their amendment under Rule 16(b). In this current dispute, however, Plaintiff has failed to point to any reason amounting to good cause to amend the complaint.

-4-

The Court, thus, finds that Plaintiff failed to show good cause justifying amendment to assert the claim of ejectment. Plaintiff retains the claim for injunctive relief that will be determined by the Court after a jury decides whether a trespass has occurred. Accordingly, Plaintiff's Motion to Amend (ECF No. 286) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:	December 22, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE